IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| ALLIANCE FOR HIPPOCRATIC MEDICINE, *et al.*, | § § § § § | |
| Plaintiffs, | § | |
| v. | § | 2:22-CV-223-Z |
| U.S. FOOD AND DRUG ADMINISTRATION, *et al.*, | § § § § | |
| Defendants. | § § | |

# ORDER

Before the Court is Danco Laboratories, LLC's ("Danco") Unopposed Motion for Leave to Intervene ("Motion") (ECF No. 19), filed on January 13, 2023. Having considered the Motion, briefing, and relevant law, the Court **GRANTS** the Motion.

**BACKGROUND**

Plaintiffs bring this suit against the United States Food and Drug Administration ("FDA") and other defendants. Plaintiffs challenge several FDA actions related to the approval of the chemical abortion drugs mifepristone and misoprostol and ask the Court to hold them unlawful and set them aside under 5 U.S.C. § 706(A)(2). ECF No. 1 at 2. On January 13, 2023, Danco — manufacturer of Mifeprex (mifepristone) — moved to intervene.

**LEGAL STANDARD**

**A. Intervention as of Right**

Federal Rule of Civil Procedure 24(a) states that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair

or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Thus, an applicant for intervention is entitled to intervention as of right if:

> (1) the application for intervention [is] timely;
>
> (2) the applicant [has] an interest relating to the property or transaction which is the subject of the action;
>
> (3) the applicant [is] so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and]
>
> (4) the applicant's interest [is] inadequately represented by the existing parties to the suit.

*Rotstain v. Mendez*, 986 F.3d 931, 936–37 (5th Cir. 2021) (alteration in original) (quoting *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978)). "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Wal–Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016).

### B. Permissive Intervention

Rule 24(b)(1) provides: "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention is committed to the court's discretion, but the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

**ANALYSIS**

**A. Permissive Intervention Should be Granted**

Because the Motion is unopposed, the Court need not consider whether Danco can intervene as of right. Instead, the Court should consider whether permissive intervention should be granted. Here, Danco's interest in protecting the continued availability of Mifeprex shares both questions of law and fact in common with this case. Additionally, Danco moved to intervene within weeks of first learning of its interest in the case. ECF No. 20 at 10. Therefore, intervention will not unduly delay or prejudice the adjudication parties' rights. Accordingly, the Court — in its discretion — holds that permissive intervention should be granted.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion.

**SO ORDERED.**

February 6, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE