**SMU**
SOUTHERN METHODIST UNIVERSITY
*SMU Legal Clinics*

March 13, 2023

Hon. Matthew J. Kacsmaryk
205 SE 5th Avenue, Room 123
Box F-13248
Amarillo, TX 79101-1559
By e-filing

      Re: Objections of News Media Coalition in *Alliance for Hippocratic Medicine, et al. v. U.S. Food and Drug Administration, et al.*, No. 2:22-cv-00223-z

Dear Judge Kacsmaryk:

      We write on behalf of the Reporters Committee for Freedom of the Press, The Washington Post, NBCUniversal News Group, ProPublica, Inc., Texas Press Association, The Freedom of Information Foundation of Texas, The Markup, and Gannett Co., Inc. (the publisher of the Amarillo Globe-News and seven other Texas-based newspapers) (collectively, the "News Media Coalition") to object to the Court's decision to delay docketing of the notice of an upcoming hearing in this case and its request that the parties not make the hearing schedule public before it is docketed, as reported by The Washington Post. https://www.washingtonpost.com/national-security/2023/03/11/texas-abortion-pill-hearing-kacsmaryk/.

      No compelling governmental interest justifies the Court's actions, and because the Court's actions are not narrowly tailored to advance any such interest, the News Media Coalition objects, and urges the Court to immediately docket notice of the hearing reportedly scheduled for Wednesday, March 15, and, in the future, to promptly docket notices of further proceedings in this case. The Court's attempt to delay notice of and, therefore, limit the ability of members of the public, including the press, to attend Wednesday's hearing is unconstitutional, and undermines the important values served by public access to judicial proceedings and court records. *See United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) (citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)) (explaining that the common law right of public access to judicial records and proceedings, like its First Amendment counterpart, "promote[s] the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness").

      Across the ideological spectrum, the public is intensely interested in this case. The Court's delayed docketing of notice of Wednesday's hearing, and its request to the parties and their counsel not to disclose the hearing schedule publicly, harm everyone, including those who support the plaintiffs' position and those who support the defendants' position.

The Court cannot constitutionally close the courtroom indirectly when it cannot constitutionally close the courtroom directly. The United States Supreme Court has made clear that, because of our historical tradition of public access to judicial proceedings, and because of the structural necessity of such access to ensure government transparency and accountability, the circumstances in which a courtroom can be closed without violating the First Amendment and common law rights of access are rare. *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) (access to preliminary hearing); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984) (access to voir dire); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982) (access to criminal trial); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) (same). The Fifth Circuit has done the same in no uncertain terms. *See BP Exploration & Production, Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210-11 (5th Cir. 2019) (rejecting Tampa Bay Buccaneers' request to close the courtroom for oral argument); *In re Express-News Corp.*, 695 F.2d 807, 810-11 (5th Cir. 1982) (post-trial juror interviews). Restrictions on the ability of the press and public to attend judicial proceedings can be justified only by a compelling governmental interest and, even then, such restrictions must be narrowly tailored to advance that interest. No such compelling governmental interests are present here. While we are aware and mindful of the Court's expressed concerns regarding security, the Government's security plan has been effective, and there is no reason to believe, based on the record, that it is insufficient to protect all hearing participants and court staff.

We appreciate the Court's consideration of this objection and respectfully request that the Court immediately docket the hearing scheduled for Wednesday, and rescind any request made to the parties and their counsel not to discuss the hearing schedule in this case publicly. The Media Coalition also strongly urges the Court to promptly docket notice of all future proceedings in this case.

Respectfully submitted,

/s/ Peter B. Steffensen
Peter B. Steffensen
Texas State Bar No. 24106464
psteffensen@smu.edu
SMU DEDMAN SCHOOL OF LAW
FIRST AMENDMENT CLINIC
P.O. Box 750116
Dallas, TX 75275
Telephone: (214) 768-4077
Facsimile:  (214) 768-1611

cc: All counsel of record (via ECF filing)