```
 1              IN THE UNITED STATES DISTRICT COURT

 2              FOR THE NORTHERN DISTRICT OF TEXAS

 3                       AMARILLO DIVISION

 4
    ALLIANCE FOR HIPPOCRATIC      )        2:22-CV-223-Z
 5  MEDICINE, et al.,             )
              Plaintiffs,         )
 6                                )
                                  )
 7  VS.                           )        AMARILLO, TEXAS
                                  )
 8                                )
    U.S. FOOD AND DRUG            )
 9  ADMINISTRATION, et al.,       )
              Defendants.         )        March 10, 2023
10

11
            TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
12
          BEFORE THE HONORABLE MATTHEW J. KACSMARYK
13
                 UNITED STATES DISTRICT JUDGE
14

15
    A P P E A R A N C E S:
16

17
    FOR THE PLAINTIFFS:       ERIK CHRISTOPHER BAPTIST
18                            Alliance Defending Freedom
                              440 First Street NW
19                            Washington, DC  20001
                              (202) 393-8690
20                            ebaptist@adflegal.org

21                            ERIN MORROW HAWLEY
                              Alliance Defending Freedom
22                            440 First Street NW
                              Suite 600
23                            Washington, DC  20001
                              (571) 707-4655
24                            ehawley@adflegal.org

25
```

```
 1   FOR THE DEFENDANT,          JULIE STRAUS HARRIS
     U.S. FOOD AND DRUG          U.S. Department of Justice
 2   ADMINISTRATION, ET AL.:     Civil Division
                                 Federal Programs Branch
 3                               1100 L Street NW, Room 11514
                                 Washington, DC  20005
 4                               (202) 353-7633
                                 Julie.StrausHarris@usdoj.gov
 5
                                 NOAH T. KATZEN
 6                               U.S. Department of Justice
                                 Civil Division
 7                               450 5th St. NW
                                 Washington, DC  20530
 8                               (202) 305-2428
                                 noah.t.katzen@usdoj.gov
 9
                                 KATE TALMOR
10                               U.S. Department of Justice
                                 Civil Division
11                               1100 L Street NW
                                 Washington, DC  20005
12                               (202) 305-5267
                                 kate.talmor@usdoj.gov
13

14   FOR THE INTERVENOR          CATHERINE EMILY STETSON
     DEFENDANT, DANCO            Hogan Lovells US LLP
15   LABORATORIES LLC:           555 13th Street NW
                                 Washington, DC  20004
16                               (202) 637-5491
                                 cate.stetson@hoganlovells.com
17
                                 JESSICA LYNN ELLSWORTH
18                               Hogan Lovells US LLP
                                 555 13th Street NW
19                               Washington, DC  20004
                                 (202) 637-5886
20                               jessica.ellsworth@hoganlovells.com

21                               KAITLYN GOLDEN
                                 Hogan Lovells US LLP
22                               555 13th Street NW
                                 Washington, DC  20004
23                               (202) 637-5864
                                 kaitlyn.golden@hoganlovells.com
24

25
```



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

RYAN PATRICK BROWN
Ryan Brown Attorney at Law
1222 S. Fillmore St.
Amarillo, Texas  79101
(806) 372-5711
ryan@ryanbrownattorneyatlaw.com

COURT REPORTER:               TODD ANDERSON, RMR, CRR
                              United States Court Reporter
                              1100 Commerce St., Rm. 1625
                              Dallas, Texas  75242
                              (214) 753-2170

        Proceedings reported by mechanical stenography and
transcript produced by computer.

1              TELEPHONIC STATUS CONFERENCE - MARCH 10, 2023

2                       P R O C E E D I N G S

3              THE COURT:  The Court calls Civil Action Number

4    2:22-CV-223-Z, Alliance for Hippocratic Medicine versus U.S.

5    Food and Drug Administration for status conference on the

6    pending motion for preliminary injunction in ECF Number 6

7    alongside the responsive documents filed by the Defendants.

8              This status conference is on the record with Northern

9    District of Texas court reporter Todd Anderson.  He is assigned

10   to Chief Judge Godbey but has graciously agreed to cover this

11   proceeding.

12             Mr. Anderson, are you present and transcribing?

13             THE REPORTER:  I am, Judge.  Good afternoon.

14             THE COURT:  Okay.  So at this point, I'll identify

15   the attorneys who should be on the line and the parties they

16   represent.

17             By order dated March 8th, ECF Number 124, this Court

18   instructed the parties to identify to the courtroom deputy on

19   or before 10:00 a.m. today the lead and associate counsel

20   participating in this status conference.

21             The courtroom deputy received the following names.

22   These persons should respond present when I call his or her

23   name.

24             For the Plaintiffs, Erik Baptist?

25             MR. BAPTIST:  Present.

```
 1                THE COURT:  And Erin Hawley?

 2                MS. HAWLEY:  Present.

 3                THE COURT:  For the Defendants HHS and FDA, Noah

 4   Katzen?

 5                MR. KATZEN:  Present.

 6                THE COURT:  Julie Straus Harris?

 7                MS. STRAUS HARRIS:  Present.

 8                THE COURT:  And Kate Talmor?

 9                MS. TALMOR:  Present.

10                THE COURT:  And for Defendant Intervenor, Jessica

11   Ellsworth?

12                MS. ELLSWORTH:  Present.

13                THE COURT:  Catherine Stetson?

14                MS. STETSON:  Present.

15                THE COURT:  Kaitlyn Golden?

16                MS. GOLDEN:  Present.

17                THE COURT:  And Ryan Patrick Brown, who is listed as

18   local counsel?

19                MR. BROWN:  Present.

20                THE COURT:  Finally, in the interest of full

21   disclosure and for record purposes, the courtroom deputy, law

22   clerks, and interns are physically present for this status

23   conference, but they're only in an observer status and will not

24   audibly participate, but I wanted the parties and attorneys to

25   be aware of their presence.
```

1        So the purpose of this status conference is to

2   announce the hearing that will be set in the pending motion for

3   preliminary injunction.  Again this is ECF Number 6.

4        The Court will hold a hearing on Plaintiff's pending

5   motion for preliminary injunction at 9:30 a.m. central daylight

6   time on Wednesday, March 15, 2023.

7        The hearing will take place in the J. Marvin Jones

8   Federal Building and Mary Lou Robinson United States Courthouse

9   located at 205 Southeast 5th Avenue, Amarillo, Texas

10  79101-1559.

11       Counsel for all parties involved are expected to be

12  present, and I am instructing now the parties to be prepared to

13  discuss, explain, and argue any issue raised by the briefing,

14  including, but not limited to, the following topics, which may

15  serve as an outline for your hearing practice.

16       First:  Plaintiff's standing to sue, including

17  associational, organizational, zone of interest standing.

18       Judicial reviewability, including the Reopening

19  Doctrine, Heckler v. Chaney, specifically the committed to

20  agency discretion by law, neither briefed by the parties.

21       Exhaustion of Comstock Act claims and arguments,

22  including any exceptions that might apply, including futility

23  or that agency action may result in individual injustice or

24  that it is contrary to important public policy.  And then in

25  that category of exhaustion and the Comstock Act whether this

1   issue is raised with sufficient clarity by the LLC memorandum

2   provided by the Department of Justice.

3           Next, Number 3, Subpart H, including the history of

4   texts and applicability and the FDA's implementation vis-à-vis

5   the 2000 approval.

6           4.  Agency decisionmaking, including restrictions,

7   labeling, elements and conditions arising under the FFDCA,

8   PREA, FDAAA, and elements to assure safe use under 21 U.S.

9   Code, Section 355-1.

10          Fifth:  Irreparable harm, including third-party

11  issues of any APA deference standards that may apply and public

12  interest in balancing.

13          Sixth:  The public interest prong, specifically

14  Plaintiff's stated theories relevant to public health, police

15  power, and Defendant's stated theories relevant to FDA

16  policymaking.

17          And then finally, remedies.  Any arguments on what

18  this Court may do as fashioning a remedy, withdrawal and/or

19  suspension under Section 35 -- I'm sorry -- Section 355(e) and

20  (f), and then any arguments on what the APA provides in terms

21  of setting aside or vacating.  So be prepared to discuss what

22  remedies you propose should this Court grant relief to the

23  movants.

24          Now, as far as format, I previously served as an

25  appellate division AUSA, and I modeled my longer hearings on

```
 1    the typical Fifth Circuit pattern for argument.  Rest assured
 2    you're not going to be given just 20 minutes, but it will
 3    follow that same pattern.  The appellant goes first, the
 4    appellee goes second, and then the appellant receives set aside
 5    full rebuttal if they elect to do so.
 6            So here that would mean Plaintiffs are allocated two
 7    hours but may reserve time for rebuttal.  And just be careful
 8    to announce that time to the Court.
 9            The Court will then recess for 15 minutes to allow
10    all Defendants time to reconfigure the courtroom as necessary,
11    and the Defendants are allocated two hours with no rebuttal
12    time available.
13            And then Plaintiffs will conclude the hearing with
14    any rebuttal time reserved.
15            So it will follow a typical Fifth Circuit pattern
16    with the movant beginning and holding back a portion if
17    necessary for rebuttal, the respondent then having the full two
18    hours, and then whatever rebuttal is reserved.
19            Plaintiff and Defendants shall determine how much
20    time will be allocated among each individual party and each
21    attorney, but I'll caution you that you should sequence your
22    attorney time to avoid alternating counsel at the microphone.
23    I don't have a one-party/one-attorney rule, but I do ask that
24    you don't force the Court to play whack-a-mole with the various
25    attorneys hopping up and down at the podium.
```

1          So I do allow multiple attorneys to argue different

2     portions of the hearing.  I just ask that you be disciplined

3     about the sequence.  So as you structure your outline and

4     argument that different attorneys are going to argue different

5     issues or matters, just be careful the sequence of those in a

6     way that it doesn't disrupt decorum and the pace of the

7     hearing.

8          So here this allocation of time is based on the

9     Court's review of the Intervenor Defendant response along with

10    Plaintiff's motion and Defendant's briefing in this case.  The

11    Court finds that Defendants and the Intervenor Defendant have

12    substantially similar arguments, and for that reason the Court

13    is instructing the Defendants to allocate time between

14    Defendants FDA and HHS and the Defendant Intervenor.  So the

15    parties may allocate that time as they wish.

16         I'll also note for the record here Plaintiffs also

17    have multiple parties involved.  If they intend to present

18    counsel for particular plaintiffs, they me do so.

19         So here the Plaintiff and Defendants are instructed

20    to allocate their time.  Accordingly, you both have two hours

21    in the sequence the Court described.

22         Now, regarding housekeeping for the attorneys in this

23    case, all of which have not appeared before this Court except

24    for Mr. Brown.  It's important to bring your bar card or any

25    government identification when you enter the courthouse.  This

1    will allow you to proceed through security with electronic

2    devices.  So we have strict rules about the persons in the

3    court space allowed to use technology like laptops, iPads, and

4    cell phones.

5           If you have your bar card or you have your DOJ

6    credentials or anything like a government ID, you'll be allowed

7    to proceed with your electronic devices.  All other persons

8    will be asked to leave those devices outside the courtroom.

9           So be careful to have that bar card or form of

10   identification noting you as the counsel of record, and you

11   will be allowed to bring your laptop and other devices.

12          I'll also instruct that by 10:00 a.m. CST Tuesday,

13   March 14, 2023, all attorneys seeking to present at the hearing

14   that they submit their business cards to my courtroom deputy

15   for court reporter purposes and any spellings.

16          I'll also instruct the parties on or before 10:00

17   a.m. CST Tuesday, March 14, 2023, to submit a term list.

18          I know that we have many abbreviated statutes and

19   regulations.  We also have various jurisprudential terms that

20   could be potentially confusing to the court reporter.  I'll

21   just instruct the parties to separately submit their intended

22   term list.  And this should include things like FFDCA, PREA, if

23   that's how you intend to pronounce it, P-R-E-A, those

24   abbreviations and those case-specific terms that could be

25   potentially confusing to the court reporter transcribing the

1    case.

2              So on or before 10:00 a.m. on Tuesday, please have

3    those submitted to the Court, and we will refer those to the

4    court reporter.

5              And, also, for clarity purposes and to preserve a

6    good record on appeal, when you're citing parts of the record,

7    I will instruct the parties to use the ECF page numbering at

8    the top of the page, which may or may not correspond to the

9    original pagination of the briefing.

10             So sometimes it could be confusing for an appellate

11   attorney reviewing an ROA when people are using different

12   paginations, so here I'll just ask that the parties have some

13   discipline in using the pagination of the ECF page numbering.

14   So that should be the blue numbers at the top and the watermark

15   that the court places.

16             And if you are citing any of the various appendices,

17   I'll ask that if you do intend to cite the appendices of

18   Plaintiff's complaint -- and, again, that's ECF Number 1 --

19   note that various versions of these appendices were double

20   marked by the ECF system.  So if you are going to cite to any

21   appendices attached to Plaintiff's complaint that you use the

22   one that isn't double marked.  And I believe that was the

23   original attachment.

24             So some of the documents have been filed in multiple

25   pleadings.  I'll just ask to use some discipline in using the

1    ECF marks that were not double and triple marked.  That will
2    avoid some confusion.

3            Now, importantly, I do allow PowerPoint
4    presentations, courtroom technology.  My predecessor was
5    adamantly opposed to courtroom technology, but we have changed
6    those rules.  The local rules are no longer in play.  I just
7    ask that you work diligently with our courtroom deputy and IT
8    support staff to pre-clear your equipment.

9            And so the Court orders that on or before 10:00 a.m.
10   central standard time on Tuesday, March 14, 2023, that you
11   submit with detail the IT equipment you intend to use.  And you
12   should not assume that the satellite division has the same
13   level of IT support that you might expect in the Dallas
14   Division or the Fort Worth Division.  So it's critical to your
15   presentation that you communicate effectively to our IT staff
16   the type of device that you want to use.  Laptops, iPads, any
17   USB, hardwire connections that you intend to use, if you can
18   give operating systems, things like that.  Just give as much
19   detail as will assist our IT support to make sure when you
20   arrive you can be ready to go at the start of the hearing.

21           So I'll permit the parties to arrive as early as 8:00
22   to coordinate with IT support to check their connectivity.
23   Any materials that you want to present by visual aid or ELMO or
24   any other device you can test-drive that equipment at 8:00 the
25   morning of the hearing.

1           And because of limited security resources and

2    staffing, I will ask that the parties avoid further publicizing

3    the date of the hearing.  This is not a gag order but just a

4    request for courtesy given the death threats and harassing

5    phone calls and voicemails that this division has received.  We

6    want a fluid hearing with all parties being heard.  I think

7    less advertisement of this hearing is better.

8           So I'm not ordering under any gag order doctrine that

9    you are gagged.  I'm just requesting it as a courtesy to the

10   Court and court staff.

11          So other elements of this case have brought a barrage

12   of death threats and protesters and the rest.  I don't want

13   that to disrupt your presentation to the Court.

14          So we will have standard security protocols in place,

15   but I'll just ask as a courtesy that you not further advertise

16   or Tweet any of the details of this hearing so that all parties

17   can be heard and we don't have any unnecessary circus-like

18   atmosphere of what should be more of an appellate-style

19   proceeding.

20          So with that, I know you were taking notes.  Are

21   there any questions from the Plaintiffs?  And I'll ask that you

22   identify yourself by name if you're going to speak on behalf of

23   the Plaintiffs.

24          MR. BAPTIST:  Your Honor, this is Erik Baptist on

25   behalf of Plaintiffs.  I have no questions.

```
 1                    THE COURT:  Okay.  And for Defendant HHS and FDA?  I
 2       understand that there are some people in professional
 3       capacities.  I'm just using HHS and FDA as placeholders for the
 4       entire signature block.
 5                    So anything from Defendants HHS and FDA?
 6                    MS. STRAUS HARRIS:  Yes, Your Honor.  This is Julie
 7       Straus Harris with the Department of Justice for the
 8       Defendants.
 9                    Just two matters.  One, will the parties be
10       provided -- we've been taking notes, but will the parties be
11       provided with any written copy of these instructions separate
12       from our notes?
13                    THE COURT:  There will be an order setting the
14       hearing on Tuesday.  So I will memorialize these instructions,
15       deadlines, and the rest in an order that will file sometime
16       Tuesday.
17                    But if you have questions about the particulars, you
18       should probably ask them now, because I don't want to have any
19       confusion that late in the game.
20                    MS. STRAUS HARRIS:  Thank you, Your Honor.  I don't
21       think we have any specific questions about those instructions
22       right now.
23                    The order that you just indicated would be put on the
24       docket on Tuesday, would that -- will that order be publicly
25       available on the docket?
```

1        THE COURT:  It will.  It will.  But to minimize some

2  of the unnecessary death threats and voicemails and harassment

3  that this division has received from the start of the case,

4  we're going to post that later in the day.  So it may even be

5  after business hours, but that will be publicly filed.  That

6  will be available on ECF and PACER, and it will memorialize the

7  instructions given today.

8        MS. STRAUS HARRIS:  Thank you very much for that

9  clarification.

10        And will the hearing itself be open to the public?

11        THE COURT:  Yes.

12        MS. STRAUS HARRIS:  Thank you, Your Honor.

13        THE COURT:  Yeah.  So we have court -- the first

14  floor courtroom has a gallery.  It's the primary courtroom for

15  the division.  I am reserving the first row for the parties.

16  That could include paralegal support, any experts that you may

17  bring.  Anybody who is not at the microphone may assemble in

18  that first row.  There is sort of a movant's side and a

19  respondent's side of the courtroom.

20        And I have actually tried a case in that court space

21  as an AUSA, and it was a big national security FISA case.  And

22  we had to use those first rows for all sorts of FBI personnel

23  for that.  So I don't know how many attorneys and support staff

24  that you're bringing with you, but I will reserve the first row

25  for each side, so you can rely on that spacing.

1          Everything beyond that first row will be general

2    audience seating.  We have all the rules in place for decorum

3    and courtroom technology and the rest.

4          There will be numbered seating.  So it's a little bit

5    similar to the way we do voir dire.  We got used to this sort

6    of spacing during COVID, and we've continued to use a numbering

7    system for seats assigned.  So anybody attending the hearing in

8    a general public capacity will be assigned a number, and

9    they're allowed to remain present for the hearing at that

10   point, you know, subject to all the rules about disruption of

11   decorum.

12         I will note that once those seats are filled, the

13   courtroom will be closed at that point.

14         If any media are in attendance, they can do the

15   shuttle system where, you know, members of the same newspaper

16   or media outlet might use the same number, but once the seats

17   are filled, the seats are filled.

18         I have a magistrate judge who uses the second floor

19   for primarily criminal matters on the Friday docket, initial

20   appearances, things like that.  So we have to be -- we have to

21   be judicious in our use of space.  But that is what any member

22   of general public should expect.

23         MS. STRAUS HARRIS:  Thank you, Your Honor.

24         What you just said makes one additional question from

25   me, which is that you referred to experts that any party may

1   bring.  Will the Court entertain testimony at the hearing?

2            THE COURT:  No.  This is just for -- this is just for

3   argument.  If it's not an attachment and it's not part of the

4   paper in this case, it's not allowed at the hearing.  You may

5   make reference to that, and you may have personnel who serve as

6   support staff or the rest.  I only use the word "expert"

7   because I know there could be non-attorney personnel at FDA or

8   HHS who want to sit through the hearing even in an observer

9   capacity.

10            So I didn't want to prejudice you in any way in

11   limiting my definition of trial participant to just attorneys

12   and paralegal support.  So I said expert because I anticipated

13   that you might have some medical professionals or whoever who

14   want to observe and even pass notes, but we're not taking

15   testimony.

16            MS. STRAUS HARRIS:  Thank you, Your Honor.

17            THE COURT:  Okay.  And any additional questions from

18   Defendants HHS and FDA?

19            MS. STRAUS HARRIS:  Not at this time, Your Honor.

20   Thank you.

21            THE COURT:  So from Defendant Intervenor, any

22   questions?

23            MS. ELLSWORTH:  Thank you, Your Honor.  This is

24   Jessica Ellsworth.  I just have one question having not been in

25   your courtroom, which is, is there a separate counsel table in

1    front of the first row that you were describing?  And if so,

2    can you tell us how many seats are there so we can think about

3    that?

4              THE COURT:  Yes.  And if you want to discuss

5    courtroom configuration, Ryan Patrick Brown, your local

6    counsel, is a good resource.  He has been in my court --

7              MS. ELLSWORTH:  Certainly.

8              THE COURT:  -- almost weekly on criminal docket

9    matters.

10             So there are two tables that can easily sit -- seat

11   two with -- you know, with some potential claustrophobia three

12   or four.  So in a typical criminal matter, we'll have two AUSAs

13   and a case agent seated at the table comfortably.  You could

14   feasibly do four with some tight spacing.

15             Immediately behind counsel table -- and by the way,

16   there are two microphones at these tables.  Immediately behind

17   those tables are a row of swivel chairs that are typically used

18   by an FBI agent or any investigators in a criminal case.  I'll

19   allow you to use those for any attorneys, sort of an overflow

20   section for counsel.

21             And then I anticipate anybody else who's part of your

22   team that, you know, aren't likely to be at the microphone can

23   then occupy that first row.

24             So having tried a case in that courtroom, that's kind

25   of my vision for how we'll do staffing and seating.

1              So the Defendants will need to decide and also the

2       Plaintiffs how they want to allocate those two to three seats

3       and then the chairs immediately behind those and then the row

4       behind that.  So that's kind of the layout.  And bigger cases

5       can get tight.

6              The court space is horizontally wide but not

7       vertically deep.  So this is different than the second floor

8       courtroom, which is a refurbished post office, which is very,

9       very deep with lots of gallery space but narrow for attorneys.

10      So I determined that this was a better courtroom in a case that

11      may involve more attorneys and less gallery.

12             MS. ELLSWORTH:  Thank you very much, Your Honor.

13             THE COURT:  So in thinking deep versus wide, we are

14      in the courtroom that is wide, which will allow for a lot of

15      courtroom technology.  We do -- thanks to the CARES Act, we do

16      have a large video screen that can project PowerPoints,

17      exhibits, things of that sort.  We also have an ELMO that's

18      connected to that screen.  It's a better space for the

19      attorneys, but it doesn't have as much gallery space for the

20      general public.  So it is wide but not deep.

21             Any additional questions from the Defendant

22      Intervenor?

23             MS. ELLSWORTH:  No, Your Honor.  Thank you very much.

24             THE COURT:  Okay.  With that, you can expect an order

25      memorializing these instructions to issue later on Tuesday.

1    And if you need to double-check, check your notes for any times

2    or instructions.  You can always use the NDTX portal on the

3    left side or contact my courtroom deputy.  But I will warn all

4    involved that there's only one person in this courthouse you

5    can't piss off, and it's not me, it's my courtroom deputy.  So

6    please be judicious in reaching out to the courtroom deputy.

7            So with that, this matter is adjourned, and we're off

8    the record.  And you're ordered to reappear for a hearing on

9    Wednesday at the appointed date and time.

10           (Hearing adjourned)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                                    INDEX

2    Status Conference........................................... 4

3    Court Reporter's Certificate.............................. 22

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          I, TODD ANDERSON, United States Court Reporter for the

2     United States District Court in and for the Northern District

3     of Texas, Dallas Division, hereby certify that the above and

4     foregoing contains a true and correct transcription of the

5     proceedings in the above entitled and numbered cause.

6          WITNESS MY HAND on this 14th day of March, 2023.

7

8

9
                              /s/Todd Anderson
10                            TODD ANDERSON, RMR, CRR
                              United States Court Reporter
11                            1100 Commerce St., Rm. 1625
                              Dallas, Texas  75242
12                            (214) 753-2170

13

14

15

16

17

18

19

20

21

22

23

24

25