UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ALLIANCE FOR HIPPOCRATIC MEDICINE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FOOD AND DRUG ADMINISTRATION, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-00223-Z |

**UNOPPOSED MOTION FOR LEAVE TO PROCEED
WITHOUT LOCAL COUNSEL**

By separate motion, the States have sought leave to intervene as plaintiffs in this action. Pursuant to Fed. R. Civ. P. 7, the States of Missouri, Kansas, and Idaho hereby respectfully move the Court under Local Rule 83.10(a) to waive the requirement to obtain local counsel who resides or has a principal office located within 50 miles of the courthouse. In the alternative, the States ask for the Court to stay that requirement temporarily.

Good cause exists to grant this request for a waiver under Local Rule 83.10(a). First, this Court's rules grant an exemption to attorneys appearing on behalf of the Federal Government (which is representing Defendants) or the Attorney General of Texas. L.R. 83.11. As sovereign States, the Proposed Intervenors are similarly situated. (Indeed, the capital cities of two Plaintiff States are about the same distance

1

from this Court as Austin, Texas, is.) Second, unlike commercial litigation, where the expertise of local counsel with the legal culture is most pronounced, this case involves a public-interest challenge to a policy of the Federal Government affecting millions of Americans. Like the Federal Government, the States are repeat actors in this area and are well-acquainted with the intricacies of lawsuits under the Administrative Procedure Act. Third, the States have diligently sought to comply with the local-counsel requirement. Indeed, the States were informed just hours before they intended to file that the attorney whom the States anticipated would serve as local counsel could not serve. And fourth, in a case such as this one, the requirement to obtain local counsel may operate as a barrier to a full hearing of all claims. Given the nature of this lawsuit, many law firms (if not most) may be reticent to serve as local counsel because the lawsuit may be unpopular among their business clients.

Should the Court decline to grant a waiver, the States ask the Court to stay the local-counsel requirement temporarily. The States have diligently (yet so far unsuccessfully) sought to retain local counsel. The States will continue that diligent search if this Court denies the request for a waiver. But in light of the nature of this suit, the States anticipate needing more time than normal to find local counsel in this case.

| | |
|---|---|
| Dated:      November 3, 2023 | Respectfully submitted, |

**ANDREW BAILEY**
Missouri Attorney General

/s/ *Joshua M. Divine*
Joshua M. Divine, #69875MO
*Solicitor General*
*Maria Lanahan, #65956MO
*Deputy Solicitor General*
*Samuel C. Freedlund, #73707MO
*Deputy Solicitor General*

Office of the Attorney General
Supreme Court Building
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8870
(573) 751-0774 (fax)
Josh.Divine@ago.mo.gov
Maria.Lanahan@ago.mo.gov
Samuel.Freedlund@ago.mo.gov

**KRIS W. KOBACH**
Attorney General of Kansas

s/ Erin B. Gaide
*Erin B. Gaide, #29691KS
Assistant Attorney General

Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, KS 66612
(785) 296-7109
(785) 296-3131 (fax)
Erin.Gaide@ag.ks.gov

**RAÚL R. LABRADOR**
Idaho Attorney General

/s/ Joshua N. Turner
*Joshua N. Turner, #12193ID
Acting Solicitor General
James E.M. Craig, #6365ID
Acting Division Chief

Idaho Office of
the Attorney General
700 W. Jefferson St., Suite 210
Boise, ID 83720
(208) 334-2400
josh.turner@ag.idaho.gov
james.craig@ag.idaho.gov

*Counsel for Proposed Plaintiff-Intervenors*

\* *pro hac vice applications forthcoming*

## CERTIFICATE OF CONFERENCE

I certify that on November 2, 2023, counsel for the States conferred with counsel for Plaintiffs and Defendants about the relief sought by this motion. Counsel for Plaintiffs consented. Counsel for Defendants stated that they take no position.

*/s/ Joshua M. Divine*
JOSHUA M. DIVINE

## CERTIFICATE OF SERVICE

I certify that on November 3, 2023, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

*/s/ Joshua M. Divine*
JOSHUA M. DIVINE