UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| Alliance for Hippocratic Medicine, *et al.*, <br><br>　　　　　　　Plaintiffs, <br><br>　and <br><br>State of Missouri, *et al.*, <br><br>　　　　　　　Intervenor-Plaintiffs, <br><br>　*v.* <br><br>U.S. Food and Drug Administration, *et al.*, <br><br>　　　　　　　Defendants, <br><br>　and <br><br>Danco Laboratories, LLC, <br><br>　　　　　　　Intervenor-Defendant. | Case No. 2:22-cv-00223-Z |

**<u>Defendants' Unopposed Motion to Stay Deadline to Answer or Respond to Intervenor-Plaintiffs' Complaint</u>**

　　Pursuant to Federal Rule of Civil Procedure 6(b), Defendants respectfully request that this Court enter an order staying Defendants' and Intervenor-Defendant's deadline(s) to answer or respond to Intervenor-Plaintiffs' Complaint. Good cause exists for such a stay order, as set forth herein.

　　1.　　Plaintiffs in this case filed their Complaint and motion for preliminary injunction on November 18, 2022. *See* ECF Nos. 1, 6.

　　2.　　On December 8, 2022, on a joint motion by the parties, this Court stayed Defendants' deadline to answer or respond to the Complaint until the Court resolved Plaintiffs' motion for preliminary injunction. *See* ECF No. 13.

1

3. On April 7, 2023, this Court entered an order granting Plaintiffs' motion in part. *See* ECF No. 137 (April 7, 2023 Memorandum Opinion and Order). That same day, Defendants and Intervenor-Defendant filed notices of appeal. *See* ECF Nos. 138, 139.

4. On April 21, 2023, the parties jointly moved this Court to further stay the deadline for Defendants and Intervenor-Defendant (collectively, "Defendants") to answer or respond to Plaintiffs' Complaint. *See* ECF No. 143. The parties proposed that, no later than two weeks after the resolution of all appellate avenues concerning this Court's April 7, 2023 Order, the parties shall propose a new deadline for Defendants to answer or respond to the Complaint. *Id.* This Court granted the parties' joint motion. *See* ECF No. 144.

5. The appellate proceedings regarding this Court's April 7, 2023 Order remain ongoing. Specifically, on August 16, 2023, the United States Court of Appeals for the Fifth Circuit affirmed the April 7 Order in part and vacated it in part, *see Alliance for Hippocratic Medicine v. FDA*, 78 F.4th 210 (5th Cir. 2023), and on December 13, 2023, the Supreme Court granted Defendants' and Intervenor-Defendant's petitions for writs of certiorari. *See FDA v. Alliance for Hippocratic Medicine*, No. 23-235; *Danco Labs., LLC v. Alliance for Hippocratic Medicine*, No. 23-236.

6. On January 12, 2024, this Court granted the motion to intervene as plaintiffs filed by the States of Missouri, Kansas, and Idaho. *See* ECF No. 175. The States' Complaint was then separately docketed. *See* ECF No. 176.

7. This Court's prior stay order could potentially be construed as applying only to Defendants' deadline for responding to Plaintiffs' Complaint, which was the only Complaint filed at that time. As noted in the States' intervention motion, however, an intervenor "must accept the proceedings as he finds them" and has "no right to relitigate issues already decided." ECF No. 152 at 11 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1206 n.3 (5th Cir. 1994)).

8. To avoid any potential ambiguity regarding Defendants' deadline for responding to the Intervenor-Plaintiffs' Complaint, the United States respectfully requests that the Court enter the same stay order currently in effect with respect to Plaintiffs' Complaint—*i.e.*, staying

2

Defendants' deadline to answer or respond to the Intervenor-Plaintiffs' Complaint, and directing that no later than two weeks after the resolution of all appellate avenues concerning this Court's April 7, 2023 Order, the parties shall propose a new deadline for Defendants to answer or respond to both Complaints.

9. The United States respectfully submits that this approach is consistent with the principle set forth above that intervenors must accept the proceedings as they find them, and would also be the most efficient manner of proceeding for the same reasons warranting a stay of the deadline for responding to Plaintiffs' Complaint.

10. As set forth in the Certificate of Conference appended hereto, Defendants have conferred with counsel for the parties, and this motion is unopposed. Plaintiffs consent to the request; Intervenor-Plaintiffs do not oppose applying the Court's prior stay order to their complaint; and Intervenor-Defendant likewise consents.

| | |
|---|---|
| January 19, 2024 | Respectfully submitted, |
| OF COUNSEL: | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| SAMUEL R. BAGENSTOS<br>General Counsel | ERIC B. BECKENHAUER<br>JULIE STRAUS HARRIS |
| MARK RAZA<br>Associate General Counsel<br>U.S. Department of Health<br>  and Human Services<br>Chief Counsel<br>Food and Drug Administration | EMILY NESTLER<br>Assistant Directors<br><br> /s/ Daniel Schwei<br>DANIEL SCHWEI<br>Special Counsel<br>CHRISTOPHER A. EISWERTH<br>KATE TALMOR<br>Trial Attorneys<br>Federal Programs Branch<br>Civil Division<br>U.S. Department of Justice<br>1100 L St., NW<br>Washington, DC 20005<br>202-305-8693<br>daniel.s.schwei@usdoj.gov |

        A<small>RUN</small> G. R<small>AO</small>
Deputy Assistant Attorney General

A<small>MANDA</small> N. L<small>ISKAMM</small>
Acting Director

J<small>AMES</small> W. H<small>ARLOW</small>
Acting Assistant Director

N<small>OAH</small> T. K<small>ATZEN</small>
Trial Attorney
Consumer Protection Branch

**Certificate of Conference**

Pursuant to Local Civil Rule 7.1, undersigned counsel (Daniel Schwei) conferred with counsel for the other parties regarding this motion on January 17 and 18, 2024. Counsel for Plaintiffs (Erik Baptist) consented, and counsel for Intervenor-Defendant (Jessica Ellsworth) likewise consented. Counsel for Intervenor-Plaintiffs (Joshua Divine) stated that "we believe [Defendants'] deadline to respond to the States' complaint is automatically stayed consistent with the previous order about the original complaint," but "[t]o avoid confusion, we do not oppose any formal motion that would apply the stay order to the current complaint[.]"

    */s/ Daniel Schwei*
Daniel Schwei
Special Counsel
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L St., NW
Washington, DC 20005
202-305-8693
daniel.s.schwei@usdoj.gov