# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| ALLIANCE FOR HIPPOCRATIC MEDICINE, *et al.*, <br>         Plaintiffs, <br> and <br> MISSOURI, KANSAS, and IDAHO, <br>         Intervenor-Plaintiffs, <br> v. <br><br> U.S. FOOD AND DRUG ADMINISTRATION, *et al.*, <br>         Defendants, <br> and <br> DANCO LABORATORIES, LLC, <br>         Intervenor-Defendant. | Case No. 2:22-cv-00223-Z |

**REPLY MEMORANDUM IN SUPPORT OF DANCO'S MOTION TO DISMISS THE ALLIANCE PLAINTIFFS' COMPLAINT AND THE THREE STATES' COMPLAINT IN INTERVENTION**

## INTRODUCTION

Missouri, Kansas, and Idaho made the choice to intervene in the suit filed by the Alliance Plaintiffs in order to pursue claims in this District. But the Alliance Plaintiffs lacked standing, as the Supreme Court unanimously held, and have voluntarily dismissed their case as a result. Missouri, Kansas, and Idaho now face the consequence of having intervened in a jurisdictionally deficient suit. The three States could not have filed their own independent suit here in Texas; they needed to piggyback on the Alliance Plaintiffs' suit because they lack venue for their own suit here. And now that the Supreme Court had confirmed the Alliance Plaintiffs' suit was jurisdictionally deficient—the Alliance Plaintiffs have subsequently filed a Rule 41 voluntary dismissal—the suit onto which Missouri, Kansas, and Idaho hitched their wagon has evaporated.

The three States' arguments against dismissal get them nowhere. Danco's motion (like the Federal Defendants' motion) does not ask this Court to reconsider its intervention ruling. Danco's motion seeks dismissal of the States' complaint in intervention for a straightforward reason: the complaint in intervention was filed in a jurisdictionally deficient suit in a District where the Intervenor States lack venue to sue. Only intervenors who can independently show venue may continue a suit when the original plaintiffs' suit was jurisdictionally invalid. Danco has emphasized this venue problem from the beginning of the States' intervention effort. And the suggestion that the Fifth Circuit's decision remains binding precedent on any issue after the Supreme Court found there was no subject matter jurisdiction in the suit flies in the face of decades of precedent. Dismissal of the three States' complaint in intervention is warranted.

1

# ARGUMENT

I. **The Three States Cannot Piggyback On The Alliance Plaintiffs' Jurisdictionally Deficient Lawsuit.**

This Court has not been asked to revisit its ruling allowing the three States to intervene, making their lead argument irrelevant. ECF No. 202 at 6-8.[1] Danco and the Government moved for dismissal under Rules 12(b)(1) and 12(b)(3), not reconsideration under Rule 54(b). *See* ECF Nos. 196, 199. That was the proper vehicle, given the Supreme Court's holding that the Alliance Plaintiffs lacked standing. *See, e.g.*, *Lopez v. Sw. Airlines Co.*, No. 3:08-cv-01975, 2013 WL 12121233, at *5 (N.D. Tex. July 10, 2013) (granting motion to dismiss original plaintiffs and intervenors' complaint because the original plaintiffs' lack of standing had "fatal consequences" for the intervenors).

The three States' fallback argument—that this Court can simply treat their complaint in intervention "as an independent action" and let it move forward as though they had not intervened to begin with—lacks merit. Precedent from the Supreme Court, the Fifth Circuit, and every other Circuit is clear on this point. An intervenor's "participatory rights remain subject to the intervenor's threshold dependency on the original parties' claims," *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 675 (5th Cir. 1985); where that action was not "duly brought," "intervention could not cure this vice in the original suit," and the intervenor therefore "must abide the fate of that

---

[1] Besides being irrelevant, it is also wrong. The Alliance Plaintiffs did not have standing to bring this suit at the time of intervention, and subsequently "lose" that standing. The Supreme Court *rejected their arguments* that they had standing to bring this suit *in the first place*, which is why the Supreme Court reversed the Fifth Circuit's contrary decision, which then vacated this Court's standing analysis. And the "clearly erroneous" standard the States invoke, ECF No. 202 at 3, 6-7, would be inapplicable even if Danco *had* moved for reconsideration. Reconsideration by a district court prior to judgment is governed by Rule 54(b), and under that rule, "the trial court is free to reconsider and reverse its decision for *any* reason it deems sufficient." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (emphasis added); *see also id.* (reversing district court for applying "heightened standard").

suit," *U.S. ex rel. Texas Portland Cement Co. v. McCord*, 233 U.S. 157, 163-164 (1914). As Danco explained, dismissal is required here because the three Intervenor States must abide the fate of the Alliance Plaintiffs' suit, and because the three States do not satisfy the requirements for an independent lawsuit. ECF No. 200 at 5-8 (collecting cases); *see also* ECF No. 197 at 7-9 (same). The three States largely ignore this case law—because they have no response to it.

The three States instead suggest that venue existed at the time this Court granted intervention because the Alliance Plaintiffs had standing then, so even if the Supreme Court's decision later required dismissal of the Alliance Plaintiffs' lawsuit, the Supreme Court's ruling does not affect that venue properly existed at that earlier time. ECF No. 202 at 3, 6. That is wrong top to bottom.[2] It is blackletter law that "standing is assessed at the time the action commences." *Carney v. Adams*, 592 U.S. 53, 60 (2020) (quotation marks and citation omitted). If a plaintiff had standing at the suit's inception but no longer faces any risk of future injury, the problem would be one of mootness. *See West Virginia v. EPA*, 597 U.S. 697, 719 (2022) ("It is the doctrine of mootness, not standing, that addresses whether an intervening circumstance has deprived the plaintiff of a personal stake in the outcome of the lawsuit." (citation, quotation marks, and brackets omitted)). The Supreme Court did not hold this case was moot; the Supreme Court unanimously

---

[2] The States' assertion that the Government changed its position on the legal interpretation of federal conscience laws, ECF No. 202 at 3, is wrong on its own terms. Danco and the Government strongly disputed that doctors could be forced to provide care. *See Alliance for Hippocratic Med. v. FDA*, 78 F.4th 210, 236 (5th Cir. 2023) ("[FDA and Danco] defend FDA's actions on the ground that federal law would allow the Doctors to refuse care based on a conscientious objection."). In any event, the Supreme Court's conclusion was based on the statutory text of federal conscience laws. *FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367, 387-388 (2024) (explaining that the statute "speak[s] clearly"). And those federal conscience protections are far from the "only" reason the Alliance Plaintiffs lost. *See* ECF No. 202 at 3. The Supreme Court was clear it rejected the Alliance Plaintiffs' arguments "[n]ot only as a matter of law *but also as a matter of fact*" because they had not alleged "*any* instances" in which a doctor was required to provide abortion-related care despite that doctor's objection. *Alliance for Hippocratic Med.*, 602 U.S. at 388 (emphases added).

concluded that the Alliance Plaintiffs "lack *standing* to challenge FDA's actions." *Alliance for Hippocratic Med.*, 602 U.S. at 374 (emphasis added). That means the Alliance Plaintiffs *never* had the requisite interest necessary to invoke this Court's jurisdiction. To be clear: The Alliance Plaintiffs lacked standing every day from the day they sued through their Rule 41 voluntary dismissal of their claims. And because this Court never had jurisdiction over the Alliance Plaintiffs' suit, the three States "must abide the fate of that suit"—and be dismissed for lack of jurisdiction. *McCord*, 233 U.S. at 164.

The three States do not seriously argue they meet the lone exception for an intervenor to survive dismissal when the original suit was not jurisdictionally valid and has been dismissed—which would require them to have "met the requirements that a plaintiff must satisfy—*e.g.*, filing a separate complaint and properly serving the defendants." *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 585 U.S. 878, 890 (2018); *see* ECF No. 200 at 6-7. The three States have not "met the requirements" of an independent lawsuit because they have not plausibly pleaded venue. No party named in the three States' complaint in intervention resides in this district, nor have the three States plausibly alleged that their claims arise in this district. *See* 28 U.S.C. § 1391(e)(1)(A)-(C); ECF No. 200 at 8.

The three States wrongly suggest that they do not need to independently establish venue because the Alliance Plaintiffs had pleaded venue. ECF No. 202 at 8-9. But the entire point of the exception to the usual rule that an intervenor "must abide the fate" of the original suit is that the intervenor could *itself* satisfy all the requirements of an independent suit. *McCord*, 233 U.S. at 164. In *Janus*, for example, the intervenor-plaintiffs' separate complaint independently established standing and asserted its own, separate grounds for venue. *See* Compl. ¶ 5, *Rauner v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, No. 1:15-cv-01235 (N.D. Ill. July 21, 2016),

4

ECF No. 145. So although the original plaintiff lacked standing, the district court could elect to treat the intervenor's "complaint as the operative complaint in a new lawsuit"; it was no different than if the intervenor had filed under a separate case number. *Janus*, 585 U.S. at 890. Here, the States of Missouri, Kansas, and Idaho plainly could not have filed an independent lawsuit in the Northern District of Texas.

Flailing, the three States suggest that Danco and the Government are first raising a venue issue now, and it is too late to do so. ECF No. 202 at 9. That is baloney. A venue objection is waived only under the circumstances listed in Rule 12(h)(1), none of which apply here. Danco properly raised its venue objection in its motion to dismiss. *See* Fed. R. Civ. P. 12(b)(3). Moreover, the Government and Danco have objected to the States' venue at every single juncture—in the briefing requesting this Court hold the States' intervention motion in abeyance, ECF No. 155 at 3-4; ECF No. 157 at 2; ECF No. 158 at 6-8; in the briefing opposing the States' intervention in this Court and in the Supreme Court, ECF No. 163 at 3-4, 10, 17; ECF No. 164 at 4-5, 16; FDA Opp. 6-7, 10-11 & Danco Opp. 1, 4, 9, *Alliance for Hippocratic Med.*, Nos. 23-235, 23-236 (U.S. Feb. 1, 2024); in the parties' joint status report following the Supreme Court's decision, ECF No. 191 at 2-3; in the oppositions to the States' motion for leave to amend their complaint, ECF No. 198 at 1, 6-14; ECF No. 201 at 1, 6-9; and now in these motions to dismiss, ECF Nos. 196, 197, 199, 200.

Any suggestion that Danco unreasonably delayed raising this objection is similarly meritless; this litigation was stayed seven days after the States' complaint in intervention was docketed, *see* ECF Nos. 176, 179, and Danco promptly filed its motion after the Fifth Circuit issued the mandate. Instead, it is the three States that propose a "novel theory," *see* ECF No. 202 at 10, that the passive passage of time during *a complete stay of litigation* could somehow waive a venue

5

challenge. It can't. To the contrary: case law confirms that when the venue-creating plaintiff drops out, a court must dismiss or transfer any remaining plaintiffs for improper venue, if a venue objection was preserved.[3]

One final point warrants a response: The three States repeatedly insist that "the Fifth Circuit's merits analysis against FDA remains binding on this Court." ECF No. 202 at 3. This argument is irrelevant to the pending motions to dismiss. It is also wrong. The Fifth Circuit's lack of jurisdiction "obviously robbed its judgment of preclusive effect."[4] *Mitchell L. Firm, L.P. v. Bessie Jeanne Worthy Revocable Tr.*, 8 F.4th 417, 420 (5th Cir. 2021); *see also Boudloche v. Conoco Oil Corp.*, 615 F.2d 687, 688 (5th Cir. 1980) ("Since the court lacked jurisdiction over the action, it had no power to render a judgment on the merits.").

The three States' only citation is to a case explaining that subsequent Fifth Circuit panels must follow an earlier panel's merits determination if the Supreme Court only "reversed on other grounds." *Central Pines Land Co. v. United States*, 274 F.3d 881, 893 n. 57 (5th Cir. 2001) (cited

---

[3] *See* ECF No. 200 at 8; *see also, e.g.*, *Immigrant Assistance Project of Los Angeles Cnty. Fed'n of Lab. (AFL-CIO) v. INS*, 306 F.3d 842, 867 n.20 (9th Cir. 2002); *Missouri v. DOE*, No. 2:24-cv-00103, 2024 WL 4374124, at *4 (S.D. Ga. Oct. 2, 2024); *Dayton Area Chamber of Com. v. Becerra*, No. 3:23-cv-00156, 2024 WL 3741510, at *7-9 (S.D. Ohio Aug. 8, 2024); *Kansas v. Garland*, No. 2:24-cv-00088, 2024 WL 2384611, at *1 (E.D. Ark. May 23, 2024); *Ctr. for Biological Diversity v. Spellmon*, No. 4:21-cv-00047, 2022 WL 3541879, at *3-4 (D. Mont. Aug. 18, 2022); *Keane v. Velarde*, No. 3:20-cv-00977, 2021 WL 4248896, at *5-6 (D. Conn. Sept. 17, 2021); *Couch v. Appling ITF*, No. 5:19-cv-00209, 2019 WL 3936448, at *3 (M.D. Ga. Aug. 20, 2019); *Daker v. Bryson*, No. 5:16-cv-00538, 2017 WL 11457276, at *5 (M.D. Ga. June 8, 2017), *modified*, 2017 WL 3584910 (M.D. Ga. Aug. 17, 2017); *United States ex rel. Polukoff v. St. Mark's Hosp.*, No. 3:12-cv-01277, 2016 WL 1449219, at *2, 4 (M.D. Tenn. Apr. 13, 2016); *Jackson v. Leake*, No. 1:05-cv-00691, 2006 WL 2264027, at *3, 10 (M.D.N.C. Aug. 7, 2006); *Kruse v. Wells Fargo Home Mortg., Inc.*, No. 1:02-cv-03089, 2006 WL 1212512, at *8 (E.D.N.Y. May 3, 2006); *Inst. of Certified Pracs., Inc. v. Bentsen*, 874 F. Supp. 1370, 1372 (N.D. Ga. 1994); *cf. Ghaffari v. Wells Fargo Bank. N.A.*, 6 F. Supp. 3d 24, 30 (D.D.C. 2013).

[4] And, in any event, the Alliance Plaintiffs' voluntary dismissal without prejudice leaves the parties "as if the action never had been filed." Wright & Miller, 9 Fed. Prac. & Proc. § 2367 (4th ed. Nov. 2024 update); *see infra* pp. 7-8.

at ECF No. 202 at 3, 6). The three States overlook the "important difference . . . between a reversal on a *merits* ground (a question of substantive law) and a reversal on a *threshold* ground (a question whether the court has jurisdiction to reach the substantive law claims)." *Newdow v. Rio Linda Union Sch. Dist.*, 597 F.3d 1007, 1041 (9th Cir. 2010). Although "reversal on one merits ground may leave the decisions reached on other grounds intact," "when the Supreme Court reverses a lower court's decision on a threshold question, such as . . . standing, it effectively holds the lower court erred by reaching the merits of the case." *Id*. A reversal "on the ground that the plaintiffs had no standing to sue"—as the Supreme Court held in this case—"of course" leaves the lower court's merits decision "without value as a precedent." *Mitchell v. Covington Mills, Inc.*, 229 F.2d 506, 509 n.2 (D.C. Cir. 1955).[5] The States do not seriously contend otherwise.

### II. The Alliance Plaintiffs' Voluntary Dismissal Separately Requires The Three States Be Dismissed.

After Danco and the Government moved to dismiss the Alliance Plaintiffs' suit, the Alliance Plaintiffs voluntarily dismissed it under Rule 41(a)(1)(A)(i). That rule provides the plaintiff with a unilateral and "absolute right" to terminate litigation before an answer or motion for summary judgment is served. *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977). A notice of dismissal "is the shortest and surest route to abort a complaint"; nothing can "fan the ashes of that action into life and the court has no role to play." *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). The plaintiff's notice "itself closes the file," and "not even a

---

[5] *See also, e.g.*, *In re Bernard L. Madoff Inv. Sec. LLC.*, 721 F.3d 54, 68 (2d Cir. 2013) ("The Supreme Court's reversal on the threshold question drained the Second Circuit [panel's] opinion of force on other questions."); *Kendall v. U.S. ex rel. Stokes*, 37 U.S. 524, 550 (1838) ("any opinions given on the merits of a case where a question as to jurisdiction arises, (unless where the jurisdiction is affirmed,) are not only dicta, but extra-judicial"); *Spivey v. Chitimacha Tribe of La.*, 79 F.4th 444, 448-449 (5th Cir. 2023) (when a "court lacks jurisdiction, it is emphatically powerless to reach the merits" and "cannot issue [decisions] that would carry *res judicata* effect").

perfunctory order of court" is required because the dismissal's "alpha and omega was the doing of the plaintiff alone." *Id*.

The Alliance Plaintiffs' voluntary dismissal further upends any assertion the three States can carry the suit forward as intervenors. That is because a "voluntary dismissal without prejudice under Rule 41(a) leaves the situation as if the action never had been filed," Wright & Miller § 2367, such that "the district court's interlocutory orders [a]re vacated," *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 547 (4th Cir. 1993); *see also In re Piper Aircraft Distribution Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977) (Because "[t]he effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought," "[i]t carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect to plaintiff's claim." (citation omitted)). Orders granting intervention are interlocutory, *see* Wright & Miller, 7C Fed. Prac. & Proc. § 1923 (3d ed. June 2024 update), and are accordingly voided by voluntary dismissals without prejudice under Rule 41(a)(1)(A)(i).

As a result of the Alliance Plaintiffs' dismissal, "no further proceedings in th[is] action are proper." Wright & Miller § 2367.[6] Nor can the three States continue as if they had filed an independent lawsuit, for the reasons already explained.

## CONCLUSION

For the foregoing reasons, and for the reasons in FDA's briefs, ECF Nos. 197, 211, the Court should grant the motions to dismiss and dismiss the three States' complaint in intervention.

---

[6] The Fifth Circuit has suggested intervenors could continue a plaintiff's original "jurisdictionally and procedurally proper suit that [was] dismissed voluntarily" pursuant to a Rule 41(a)(1)(A)(ii) *stipulated* dismissal *with* prejudice, *Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 513 n.5 (5th Cir. 2016), but the same is not true of a Rule 41(a)(1)(A)(i) *notice* of dismissal *without* prejudice, *Odle v. Flores*, 705 F. App'x 283, 285 (5th Cir. 2017) (Graves, J., concurring in rehearing denial).

8

Respectfully submitted,

*/s/ Jessica L. Ellsworth*
Ryan Brown
RYAN BROWN ATTORNEY AT LAW
Texas Bar No. 24073967
ryan@ryanbrownattorneyatlaw.com
1222 S. Fillmore Street
Amarillo, TX 79101
Tel: (806) 372-5711

Jessica L. Ellsworth*
Catherine E. Stetson*
Philip Katz*
Lynn W. Mehler*
Marlan Golden*
HOGAN LOVELLS US LLP
555 Thirteenth Street N.W.
Washington, D.C. 20004
Tel: (202) 637-5600
jessica.ellsworth@hoganlovells.com

*admitted *pro hac vice*

*Counsel for Danco Laboratories, LLC*

December 6, 2024

9

## CERTIFICATE OF COMPLIANCE

  I hereby certify that this brief complies with Local Rule 7.2 in that it does not exceed 10 pages.

*/s/ Jessica L. Ellsworth*
Jessica L. Ellsworth

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 6, 2024, I electronically filed the foregoing using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties of record.

<i>/s/ Jessica L. Ellsworth</i><br>Jessica L. Ellsworth