IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

STATE OF MISSOURI, *et al.*,

    Intervenor Plaintiffs,

v.

U.S. FOOD AND DRUG
ADMINISTRATION, *et al.*,

    Defendants,

and

DANCO LABORATORIES, LLC,

    Intervenor Defendant.

2:22-CV-223-Z

**ORDER**

    Before the Court is Intervenor Plaintiffs' Motion for Leave to File Amended Complaint ("Motion") (ECF No. 195), filed October 11, 2024. Intervenor Plaintiffs request leave to amend "to provide greater factual support for the theories presented in the initial complaint." ECF No. 195 at 1. Defendants and Intervenor Defendant oppose the Motion. *Id.* at 2.

    Federal Rule of Civil Procedure 15(a) governs amendment prior to trial. A "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The presumption is that a court grants leave unless it "possess[es] a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). A district court has discretion whether to grant a motion for leave to amend or not. *Quintanilla v. Tex. Television Inc.*, 139 F.3d 494, 499 (5th Cir. 1998). In exercising its discretion, a court examines "if there is undue delay, bad faith or

dilatory motive, undue prejudice or futility of the amendment." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (Former 5th Cir. 1981). If a court denied leave to amend due to futility, it is not an abuse of discretion. *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports*, 751 F.3d at 378 (citing *Briggs*, 331 F.3d at 508).

Defendants and Intervenor Defendant do not argue that leave to amend should be denied due to undue delay, bad faith or dilatory move, or undue prejudice. *See* ECF Nos. 198; 201; 211; 212. Instead, they argue that amendment would be futile here because Intervenor Plaintiffs lack venue. ECF Nos. 198 at 20; 201 at 10. They claim that the Intervenor Plaintiffs lack any relevant connection to the Northern District of Texas and that courts sometimes deny leave to amend on venue grounds. Recall that an amendment is only futile if it would fail to survive a motion to dismiss standard. The nonbinding cases that Defendants and Intervenor Defendant cite meet this standard. The court in *Hamilton v. Duke Energy Bus. Servs., LLC* had already dismissed the action for lack of venue and so cleared the motion to dismiss standard. No. 4:21-cv-4070, 2023 WL 2332248, at *4 (S.D. Tex. Mar. 1, 2023). In *Chavez v. First National Bank of South Africa*, the court denied leave to amend because a valid forum selection clause governed and would cause any amendment to still fail a motion to dismiss. No. DR-15-CV-065, 2015 WL 13036708, at *4 (W.D. Tex. Nov. 24, 2015). And in *Total Safety U.S., Inc. v. Rowland*, the court denied leave to amend because a party failed to allege an LLC's members' residency in the appropriate district and further failed to dispute that none of the claims occurred in the court's district. No. 13-6109, 2014 WL 4693114, at *8 (E.D. La. Sept. 22, 2014). Of course, such basic shortfalls would fail a motion to dismiss standard. Defendants and Intervenor Defendant deftly quote lines to seemingly further their position but do not further examine their nonbinding cases to evaluate whether they are truly persuasive to their position.

Here, Defendants and Intervenor Defendant fail to show that Intervenor Plaintiffs' Amended Complaint would surely fail a motion to dismiss. The Rule 15(a) standard for leave to amend is "liberal" and a court needs a "substantial reason" to deny leave. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Marucci Sports*, 751 F.3d at 378 (internal quotation omitted). Leave to amend is "by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). But there is a "bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). Considering Rule 15(a)'s high standard for denying leave to amend, Defendants' failure to conclusively demonstrate that venue disputes at this juncture would render amendment fully futile does not provide the Court with a "substantial reason" to deny leave. Unlike in the cases Defendants and Intervenor Defendant cite, venue remains disputed here and should be properly dealt with at a phase where each party may fully argue the issue. Accordingly, the Court **GRANTS** Intervenor Plaintiffs' Motion. The Court **ORDERS** Intervenor Plaintiffs to file the amended complaint and accompanying exhibits found at ECF No. 195-1 to 195-7 as a separately filed amended complaint and exhibits.

Defendants and Intervenor Defendant have pending Motions to Dismiss against the original plaintiffs and Intervenor Plaintiffs. The original plaintiffs have since voluntarily dismissed their claims. ECF No. 206. And following this Order, Intervenor Plaintiffs will file an Amended Complaint. As a substantial portion of the pending motions to dismiss focus on original plaintiffs' complaint and the only remaining complaint in this action will soon be amended, the Court **DENIES** as **MOOT** the pending motions to dismiss (ECF No. 196 and ECF No. 199). *See Bridgestone Ams. Tire Operations, LLC v. Speedways Tyres Ltd.*, No. 4:22-cv-0145, 2023 WL 2574576, at *2 (N.D. Tex. Mar. 20, 2023) ("An amended complaint generally renders pending motions moot."); *Garza-Selcer v. 1600 Pac. Subtenant, LLC*, No. 3:15-cv-03791, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016) ("When a

motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motions as moot."). Renewed motions to dismiss in response to Intervenor Plaintiffs' forthcoming amended complaint will provide Defendants and Intervenor Defendant opportunity to focus their arguments and space on the one complaint remaining in this action.

**SO ORDERED.**

January 16, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE